IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY JOSHUA STACY                                                                              PLAINTIFF

v.                                          CIVIL NO. 23-5075

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Larry Joshua Stacy, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on December 31, 2018, and January 3, 2019, respectively, alleging an inability to work since October 16, 2018, due to post-traumatic stress disorder, paranoia, bipolar disorder, schizophrenia, and mood swings. (Tr. 88, 266, 286). An administrative telephonic hearing was held on October 20, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 62-85).

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated January 12, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 40). Specifically, the ALJ found Plaintiff had the following severe impairments: post-traumatic stress disorder, major depressive disorder, alcohol use disorder and panic disorder with agoraphobia. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 40). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform work which needs some skills but does not require doing the more complex work duties. He can persist at tasks that can be learned in up to three months on the job. He can sustain ordinary routines, understand, carry out and remember instructions and use judgment in making work related decisions. He can attend and concentrate for 2-hour periods totaling a normal eight hour workday with usual work breaks. He can respond appropriately to occasional supervision. He can tolerate occasional interaction with co-workers but should not have to engage in any teamwork or collaboration with co-workers[.] He can tolerate brief, superficial interaction with the general public on a less than occasional basis. He can respond appropriately to usual work situations and adapt to change in a routine work setting.

(Tr. 42-43). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a cook helper, a tipper-tipping machine operator, and a telephone solicitor, and other work as a housekeeping cleaner, a mail clerk, and a dishwasher. (Tr. 47-48).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on May 7, 2021. (Tr. 20-24). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ erred in rejecting Plaintiff's subjective complaints; 2) The ALJ failed to properly evaluate the opinion of a long-time mental health treating provider; and 3) The ALJ failed to properly evaluate the evidence which was harmful. (ECF No. 12). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 14).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform work at all exertional levels but with certain non-exertional limitations, the ALJ considered the medical assessments of treating and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. With each provider assessment, the ALJ stated how persuasive she found each medical opinion and articulated the basis for her finding.

With respect to Plaintiff's subjective complaints, the ALJ discussed Plaintiff's positive clinical findings to include acute episodes of distress,[2] a longitudinal history of frustration and difficulty with others and anxiety but noted that the medical evidence revealed Plaintiff's medications had been relatively effective in controlling these symptoms. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). With respect to Plaintiff's ability to read, the ALJ acknowledged Plaintiff's allegation that he was unable to read and write; and there is evidence revealing that Plaintiff reported an inability to read and write to treatment providers. (Tr. 758, 781). However, in finding Plaintiff had the ability to read and write, the ALJ noted that Plaintiff graduated high school; had previously worked as a telephone solicitor, a semi-skilled job; and completed at least two forms related to his disability application. (Tr. 46, 370, 372). The Court notes that in August of 2018, Plaintiff was found "able to read a printed page." (Tr. 402).

While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). As mentioned, the Court will not "reverse merely 'because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently'" *KKC ex rel. Stoner v Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (citations omitted).

---

[2] The ALJ and the parties' briefs indicate Plaintiff was hospitalized in August of 2018 and April of 2019. (Tr. 45, ECF No. 12, p.5, ECF No. 14, p.3). A review of the medical evidence revealed that prior to the alleged onset date, Plaintiff was hospitalized in September 2017, after experiencing a "mental breakdown" after his wife and children left him; and in August of 2018, due to major depressive disorder recurrent, severe, alcohol abuse, and THC abuse. (Tr. 574). There is no medical evidence of record documenting an April of 2019 hospitalization.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of March 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE